■ GARY FELDER, Plaintiff, and MILTON CLARKE et al., Respondents, v CAROLINA FREIGHT CARRIERS et al., Appellants. (Action No. 1.) ALEXANDER MORALES, Respondent, v CAROLINA FREIGHT CARRIERS et al., Appellants. (Action No. 2.) RICHARD WONG, Respondent, v CAROLINA FREIGHT CARRIERS et al., Appellants. (Action No. 3.)—In three consolidated negligence actions to recover damages for personal injuries arising out of a motor vehicle accident, (1) Carolina Freight Carriers and Joris Brooks appeal from so much of a judgment of the Supreme Court, Kings County (Ramirez, J.), entered September 8, 1987, as was in favor of Milton Clarke and Dolores Clarke, and against them in action No. 1, and as was in favor of Alexander Morales and against them in action No. 2, and as was in favor of Richard Wong and against them in action No. 3; (2) Richard Wong appeals, as limited by his brief, from so much of the same judgment as was in favor of Alexander Morales and against him in action No. 2; and (3) Dolores Clarke and Gary Felder appeal from so much of the same judgment as was in favor of the plaintiff Alexander Morales and against them in action No. 2, and as was in favor of the plaintiff Richard Wong and against them in action No. 3.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

We find no error in the court's refusal to charge the emergency doctrine (see, PJI 2:14) in this case. The drivers of the vehicles involved in this three-vehicle, pile-up collision were not presented with any sudden and unforeseen condition. They should reasonably have anticipated and been prepared to deal with the situation with which they were confronted (see, *McCarthy v Miller*, 139 AD2d 500; *Hardy v Sicuranza*, 133 AD2d 138; *Kowchefski v Urbanowicz*, 102 AD2d 863).

We also find no error in the court's missing witness charge as to Gary Felder. Since Felder was the driver of the second vehicle, which was owned by the Clarkes, he was in a position to give substantial, and not merely cumulative, testimony; and, since he was the brother-in-law of Dolores Clarke, he could be considered to be available to her (see, *Noce v Kaufman*, 2 NY2d 347; *Ausch v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 43; *Chandler v Flynn*, 111 AD2d 300).

We have examined the parties' remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.