■ DONNA E. MEAD, Appellant, v LISA A. MARINO et al., Respondents. [613 NYS2d 650] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 21, 1992, which denied her motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

It is well settled that " '[w]hen a rear-end collision occurs * * * such collision is sufficient to create a prima facie case of liability on the part of [the offending vehicle] and imposes a duty of explanation with respect to the operator of the offending vehicle * * * When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and * * * use reasonable care to avoid colliding with the other vehicle' " *(Crociata v Vasquez,* 168 AD2d 410, quoting from *Young v City of New York,* 113 AD2d 833, 833-834). In this case, it is uncontroverted that the plaintiff's vehicle stopped in rush hour traffic, with the defendants' vehicle situated 30 feet behind. The defendant accelerated in an attempt to change lanes. When her entry into the adjacent lane was blocked, the defendants crashed into the rear of the plaintiff's vehicle. The sole explanation proffered by the defendants was that she was faced with an emergency situation which arose when she was unable to move her vehicle into the left lane. However, the emergency doctrine does not apply here, because the party seeking to invoke it created or contributed to the emergency *(see, Sweeney v McCormick,* 159 AD2d 832, 833). Indeed, the defendant's failure to anticipate and react to the eventuality that she would be unable to move her vehicle into the left lane as planned precluded application of

the emergency doctrine *(see, Felder v Carolina Frgt. Carriers,* 156 AD2d 540; *Hardy v Sicuranza,* 133 AD2d 138, 139).

Accordingly, since the defendant failed to meet her burden of establishing the existence of material questions of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324), the plaintiff is awarded summary judgment on the issue of liability. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.