■ WILLIAM HAUGHEY, Appellant, v JOHN NOONE, Respondent. [691 NYS2d 553] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Putnam County (Braatz, J.), entered February 25, 1998, which, upon a jury verdict, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff is granted judgment as a matter of law against the defendant on the issue of liability, and the matter is remitted to the Supreme Court, Putnam County, for a trial on the issue of damages.

It is undisputed that the defendant violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line. Such conduct constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's making (see, Tran v Nowak, 245 AD2d 1083; Lawton v Holt, 238 AD2d 218; Valenti v Lara, 205 AD2d 612).

The defendant claimed he skidded over the double yellow line because the roadway was "very wet", "dark", and "very curvy". However, he further acknowledged at the trial that he was traveling at the speed of 25 miles per hour, five miles above the posted speed limit. Based upon his own testimony, it is apparent that he should have been traveling at an "appropriate reduced speed" (Vehicle and Traffic Law § 1180 [e]), rather than a speed in excess of the posted speed limit. Indeed, the

defendant admitted to a police officer responding to the scene of the accident that he crossed the double yellow line because he was traveling "too fast". He pleaded guilty to crossing the double yellow line and paid a fine.

In view of the foregoing, the plaintiff is entitled to judgment as a matter of law on the issue of liability.

We need not reach the plaintiff's remaining contentions. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.