■ BERNARD BROWNE, Appellant, v MOISES L. CASTILLO et al., Respondents. [733 NYS2d 494] —In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, (Hall, J.), dated January 24, 2001, as denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The plaintiff was traveling in a left northbound lane when his vehicle was struck by a vehicle operated by the defendant Moises L. Castillo. Castillo had bypassed police activity in the southbound lanes and crossed the double yellow line when he collided with the plaintiff's vehicle. Crossing over a double yellow line constitutes negligence as a matter of law (*see, Haughey v Noone*, 262 AD2d 284). Therefore, the plaintiff demonstrated, prima facie, his entitlement to summary judgment against Castillo and the defendant Simon Transit, Inc., the owner of the taxi operated by Castillo. The defendants failed to meet their burden of demonstrating that a triable issue of fact exists, as they submitted only the affirmation of their attorney, who did not personally witness the accident, in opposition to the plaintiff's motion. "Such an affirmation by counsel is without evidentiary value and thus [is] unavailing" (*Zuckerman v City of New York*, 49 NY2d 557, 563). Therefore, the Supreme Court improperly denied the plaintiff's motion for summary judgment. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.