■ ESTHER GADON et al., Appellants, v FRANCISCO OLIVA et al., Respondents. [742 NYS2d 122] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated August 15, 2001, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

At his examination before trial, the defendant driver acknowledged that it had been snowing all day on the day of the accident. The defendant driver was traveling northbound on Glen Cove Road. He claimed that the car in front of him braked, so he tried to brake. His car spun out of control into the southbound lanes of traffic and collided with the plaintiffs' vehicle. It is undisputed that a double yellow line separated northbound from southbound traffic.

Crossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emer-

gency situation not of the driver's making (see *Browne v Castillo,* 288 AD2d 415; *Haughey v Noone,* 262 AD2d 284; *Tran v Nowak,* 245 AD2d 1083). Since the defendant driver acknowledged that it had been snowing all day, a slippery road condition was foreseeable. Accordingly, the emergency doctrine is not applicable here (see *Caristo v Sanzone,* 96 NY2d 172), nor can the defendants claim that the accident was the unavoidable result of circumstances which "could not have been foreseen or prevented by the exercise of reasonable caution" (*MacFarland v Reed,* 257 AD2d 802, 803-804 [internal quotation marks omitted]; see *Mikula v Duliba,* 94 AD2d 503).

The defendants contend that there is an issue of fact as to whether the plaintiff driver's failure to take evasive action constituted negligence contributing to the accident. However, speculation that the driver in the opposing lane of traffic could have done something to avoid a car crossing over a double yellow line is insufficient to defeat a motion for summary judgment (see *Tran v Nowak, supra* at 1084).

The defendants' remaining contention is unpreserved for appellate review.

Accordingly, the plaintiffs' motion for summary judgment on the issue of liability should have been granted. Ritter, J.P., Florio, Goldstein, Luciano and Cozier, JJ., concur.