■ MICHAEL MARSICANO, Appellant, v DEALER STORAGE CORP. et al., Respondents, et al., Defendants. [779 NYS2d 102]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated August 29, 2003, as denied that branch of his motion which was for summary judgment on the issue of liability against the defendants Dealer Storage Corp. and Leroy Williams.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment on the issue of liability against the defendants Dealer Storage Corp. and Leroy Williams is granted, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages as to those defendants.

The plaintiff was injured when an automobile operated by the defendant Leroy Williams, an employee of the defendant Dealer Storage Corp. (hereinafter collectively referred to as the defendants), crossed over a double yellow line and collided with his vehicle. Williams, who had been traveling eastbound in the right lane of the roadway, stopped behind a double-parked truck. Williams then twice attempted to go around the truck, but was unable to do so because his two rear tires could not gain sufficient traction on the wet road surface. During Williams' third attempt, his car skidded to the left over the double yellow line and collided with the plaintiff's vehicle, which was traveling in the westbound direction.

The plaintiff moved for summary judgment against the defendants on the issue of liability. The Supreme Court denied the motion. We reverse.

The plaintiff established his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Demetri v Mallari,* 295 AD2d 395 [2002]; *Gadon v Oliva,* 294 AD2d 397 [2002]) by submitting evidence showing that Williams violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line, and thereby caused the collision. In opposition, the defendants failed to produce any evidence to raise a triable issue of fact. In this regard, the emergency doctrine was not a defense available to the defendants because the slippery road condition was foreseeable, and the emergency condition was partially created by Williams' disregard for the existing traffic and weather conditions (*see Caristo*

*v Sanzone,* 96 NY2d 172 [2001]; *Bellantone v Toddy Taxi,* 307 AD2d 979, 980 [2003]; *Cascio v Metz,* 305 AD2d 354, 356 [2003]). Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.