■ AMI BECKER FOSTER et al., Respondents, v LORENZO SANCHEZ et al., Respondents, and FRANK MANNINO, Appellant. [792 NYS2d 579]—

In an action to recover damages for personal injuries, etc., the defendant Frank Mannino appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated May 28, 2004, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed, without costs or disbursements.

The vehicle driven by the appellant Frank Mannino crossed over a double yellow line and struck a vehicle traveling in the opposite direction being driven by the plaintiff Ami Becker Foster. At his examination before trial, Mannino testified that he was driving to his job as a police officer when he had to "jam" on his brakes because the driver of the vehicle in front of his "jammed on his brakes." He stated that his vehicle was then struck from the rear by a van being driven by the defendant Lorenzo Sanchez and owned by the defendant Certified Floors, Inc. Although Mannino testified that he was at a stop when

struck from the rear, he asserted that any estimate as to how long he had been stopped would be "guessing." Further, although the police report of the accident indicated that Mannino's vehicle also struck the vehicle in front of his, Mannino stated that he did not know if he had struck any other vehicle after being struck from the rear, although someone at the accident scene told him that he had.

Mannino moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Mannino argued that he could not be held liable in the happening of the accident because he was forced into the plaintiff's lane of travel and vehicle after being struck from the rear. The Supreme Court denied the motion. We affirm.

Crossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making (*see Gadon v Oliva,* 294 AD2d 397 [2002]; *Browne v Castillo,* 288 AD2d 415 [2001]; *Haughey v Noone,* 262 AD2d 284 [1999]; *Mead v Marino,* 205 AD2d 669 [1994]). Here, Mannino argues that such an emergency situation was created when his vehicle was struck from the rear and forced into oncoming traffic. However, assuming such to be the case, Mannino failed to demonstrate, prima facie, that he was free from negligence in the happening of the rear-end collision (*see Brodie v Global Asset Recovery, Inc.,* 12 AD3d 390 [2004]; *Drake v Drakoulis,* 304 AD2d 522 [2003]; *Colonna v Suarez,* 278 AD2d 355 [2000]; *Niemiec v Jones,* 237 AD2d 267, 268 [1997]; *Mead v Marino, supra; see also* Vehicle and Traffic Law § 1129 [a]). S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.