■ MARIO M. BISCARDI, JR., Respondent, v RONALD J. CIAMPA et al., Appellants. [815 NYS2d 588]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated September 28, 2004, which granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In support of his motion, inter alia, for summary judgment on the issue of liability, the plaintiff established that his vehicle was completing a left-hand turn from Volkomer Street onto an eastbound lane of Jerusalem Avenue in Nassau County, when his car was struck by a pickup truck with trailer which, although traveling westbound, had nonetheless crossed the double yellow lines separating eastbound traffic from westbound traffic and had entered the plaintiff's lane. At the time of the accident, the pickup truck was driven by the defendant Valente Lopez, an employee of the defendant Ronald J. Ciampa, also known as Ronald Ciampa, individually, and doing business as Ciampa Landscaping, Ciampa Landscaping Corporation, and Ciampa Landscaping & Construction, Inc., and owned by Ciampa Landscaping. The Supreme Court granted the motion. We affirm.

The plaintiff established his entitlement to judgment as a matter of law by submitting evidence showing that Lopez violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line into an opposing lane of traffic, thereby causing the collision (*see Eichenwald v Chaudhry*, 17 AD3d 403 [2005]; *Foster v Sanchez*, 17 AD3d 312 [2005]). In opposition, the defendants failed to demonstrate the existence of a triable issue of fact. Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.