■ KAREN SNEMYR et al., Appellants-Respondents, v W.A. MORALES-APARICIO et al., Respondents, and ELLEN K. VALENTI, Appellant. [850 NYS2d 489]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an

order of the Supreme Court, Nassau County (Feinman, J.), dated October 3, 2006, as denied their motion for summary judgment on the issue of the liability of the defendants W.A. Morales-Aparicio and Galileo I. Aparicio, and the defendant Ellen K. Valenti separately appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with one bill of costs payable to the plaintiffs and the defendant Ellen K. Valenti by the defendants W.A. Morales-Aparicio and Galileo I. Aparicio, the plaintiffs' motion for summary judgment on the issue of the liability of the defendants W.A. Morales-Aparicio and Galileo I. Aparicio is granted, and the cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Ellen K. Valenti is granted.

The infant plaintiff was injured when the vehicle in which she was riding, owned by the defendant Galileo I. Aparicio and operated by the defendant W.A. Morales-Aparicio, was involved in a head-on collision with a vehicle operated by the defendant Ellen K. Valenti. The plaintiffs commenced this personal injury action, and thereafter moved for summary judgment on the issue of the liability of the defendants W.A. Morales-Aparicio and Galileo I. Aparicio (hereinafter the Aparicio defendants). Valenti cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court denied the motion and the cross motion. We reverse.

The plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting evidence showing that Morales-Aparicio violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line into an opposing lane of traffic, thereby causing the collision (*see Marsicano v Dealer Stor. Corp.*, 8 AD3d 451, 452 [2004]; *Browne v Castillo,* 288 AD2d 415 [2001]). "Crossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making" (*Foster v Sanchez,* 17 AD3d 312, 313 [2005]; *see Marsicano v Dealer Stor. Corp.*, 8 AD3d at 452; *Gadon v Oliva,* 294 AD2d 397, 397-398 [2002]). Moreover, Valenti was "not required to anticipate that a vehicle traveling in the opposite direction [would] cross over into oncoming traffic" (*Eichenwald v Chaudhry,* 17 AD3d 403, 404 [2005]; *see Velez v Diaz,* 227 AD2d 615, 615-616 [1996]). Thus, the evidence that Morales-Aparicio crossed over the double yellow line was also sufficient to estab-

lish Valenti's prima facie entitlement to judgment as a matter of law.

In opposition, the Aparicio defendants failed to demonstrate the existence of a triable issue of fact as to whether Morales-Aparicio crossed the double yellow line or was confronted with an emergency situation not of his own making at the time of the accident (cf. Espinal v Sureau, 262 AD2d 523, 524 [1999]). The Aparicio defendants' contention that questions of fact exist as to Valenti's alleged failure to take evasive action is without merit (see Eichenwald v Chaudhry, 17 AD3d at 404; Gadon v Oliva, 294 AD2d at 398).

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of the Aparicio defendants' liability, as well as Valenti's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.