714

■ DANIEL SULLIVAN et al., Appellants, v CHRISTOPHER MANDATO et al., Respondents. [873 NYS2d 96]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated October 4, 2007, as granted that branch of the motion of the defendants Julio Montalvo and Terry Tom Service Station, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Christopher Mandato was operating a vehicle owned by the defendants Frank Mandato and Louisa Mandato in a southerly direction when he lost control of the vehicle, crossed over a double yellow line, and struck a vehicle owned by the defendant Terry Tom Service Station, Inc. (hereinafter Service Station), and operated by the defendant Julio Montalvo in the northbound lane. The infant plaintiff, a passenger of the Mandato vehicle, allegedly sustained personal injuries as a result of this collision, and the infant plaintiff and his parents, derivatively, commenced this action against the defendants. The defendants Service Station and Montalvo moved for summary judgment, contending that the defendant Christopher Mandato's alleged negligent conduct was the sole proximate cause of the accident. The Supreme Court granted the motion. We affirm.

A driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic (*see Snemyr v Morales-Aparicio,* 47 AD3d 702 [2008]; *Lee v Ratz,* 19 AD3d 552 [2005]). Indeed, "[c]rossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making" (*Foster v Sanchez,* 17 AD3d 312, 313 [2005]; *see Haughey v Noone,* 262 AD2d 284 [1999]). Here, the defendants Service Station and Montalvo established their

entitlement to judgment as a matter of law by submitting evidence demonstrating, prima facie, that the defendant Christopher Mandato violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line into an opposing lane of traffic, thereby causing the collision (*see Scott v Kass,* 48 AD3d 785 [2008]; *Snemyr v Morales-Aparicio,* 47 AD3d 702 [2008]; *Eichenwald v Chaudhry,* 17 AD3d 403 [2005]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. The plaintiffs' contention that the defendants Montalvo and Service Station failed to support their motion with evidence in admissible form is without merit (*see Felberbaum v Weinberger,* 40 AD3d 808 [2007]). Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur. [*See* 17 Misc 3d 1110(A), 2007 NY Slip Op 51902(U).]