■ JAMES DiSIENA, JR., et al., Respondents, et al., Plaintiffs, v ELISA A. GIAMMARINO et al., Appellants, et al., Defendant. [898 NYS2d 664]—

In a consolidated action to recover damages for personal injuries, the defendants Elisa A. Giammarino, Francisca Giammarino, and Andrea Marie Sett appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated March 11, 2009, as denied their motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them is granted.

On the evening of January 13, 2004, the defendant Vincent Litto was driving south on Gerritsen Avenue in Brooklyn. Gerritsen is a four-lane road, running north and south with two lanes of traffic in each direction separated by a double yellow line. Litto had three passengers in the car with him and was traveling at a rate of 50 miles per hour on this road, on which cars moved at an average speed of 30 miles per hour. As he traveled on Gerritsen, Litto picked up a can of "Dust-Off," from his dashboard and sprayed it into his mouth. Less than a minute later, Litto's vehicle crossed over the double yellow line separating the northbound and southbound lanes of traffic, veered into oncoming traffic, and crashed into a vehicle driven by the defendant Andrea Marie Sett. One of the passengers in Sett's car was killed. Sett and another passenger in her car, the plaintiff James DiSiena, Jr., as well as Litto and two of his passengers, the plaintiffs Scott Endrulat and Corey Lun, were injured.

Three separate actions were commenced by the various plaintiffs and were subsequently consolidated for all purposes. The defendants Elisa A. Giammarino (Sett's mother), Francisca Giammarino (Sett's father and the owner of the vehicle driven by Sett), and Sett (hereinafter collectively the appellants) moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. We reverse.

"A driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic. Indeed, [c]rossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making" (*Sullivan v Mandato*, 58 AD3d 714, 714 [2009] [citations and internal quotation marks omitted]). Here, the appellants established their entitlement to judgment as a matter of law by submitting evidence demonstrating, prima facie, that Litto violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line into an opposing lane of traffic, thereby causing the collision (*see Scott v Kass*, 48 AD3d 785 [2008]). In opposition, Endrulat and DiSiena failed to submit evidence sufficient to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court should have granted the appellants' motion, in effect, for summary judgment dismissing the complaint insofar as asserted

against them. Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.