■ ANGELO BARBARUOLO, Respondent, v ROBERT F. DiFEDE et al., Appellants. [900 NYS2d 671]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated July 7, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

A driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic (*see Snemyr v Morales-Aparicio*, 47 AD3d 702, 703 [2008]; *Lee v Ratz*, 19 AD3d 552, 553 [2005]). Indeed, "[c]rossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making" (*Foster v Sanchez*, 17 AD3d 312, 313 [2005]; *see Sullivan v Mandato*, 58 AD3d 714, 714 [2009]; *Haughey v Noone*, 262 AD2d 284, 284 [1999]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff's decedent violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line into an opposing lane of traffic, thereby causing the collision (*see Scott v Kass*, 48 AD3d 785, 785 [2008]; *Snemyr v Morales-Aparicio*, 47 AD3d at 703). In opposition, the plaintiff failed to submit evidence sufficient

to raise a triable issue of fact. As the plaintiff correctly points out, since the decedent died as a result of the accident and is thus unable to describe the events in question, the plaintiff is entitled to every inference that can reasonably be drawn from the evidence in determining whether a prima facie case of negligence is made (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]). However, it does not relieve the plaintiff of the obligation to provide some proof from which negligence can reasonably be inferred (*see Marsch v Catanzaro*, 40 AD3d 941, 942 [2007]). Mere speculation that the defendant driver could have done something to avoid a vehicle crossing over a double yellow line is insufficient to defeat a motion for summary judgment (*see Eichenwald v Chaudhry*, 17 AD3d 403 [2005]). Here, the plaintiff failed to come forward with any evidence from which negligence on the part of the defendants could reasonably have been inferred. Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.