■ LESLIE FEREBEE et al., Appellants, v JOSE AMAYA et al., Appellants, and DAMIEN J. BRANCH, Respondent. [922 NYS2d 472]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 16, 2010, as granted that branch of the motion of the defendant Damien J. Branch which was for summary judgment dismissing the complaint insofar as asserted against him, and the defendants Jose Amaya and Jose G. Saravia separately appeal, as limited by their brief, from so much of the same order as granted the motion of the defendant Damien J. Branch for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the appeal by the defendants Jose Amaya and Jose G. Saravia from so much of the order as granted that branch of the motion of the defendant Damien J. Branch which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as those defendants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed, with one bill of costs.

A driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic (*see Snemyr v Morales-Aparicio*, 47 AD3d 702, 703 [2008]; *Lee v Ratz*, 19 AD3d 552, 553 [2005]). Such a situation constitutes a classic emergency situation, thus implicating the emergency doctrine (*see Palma v Garcia*, 52 AD3d 795 [2008]; *Gajjar v Shah*, 31 AD3d 377, 377-378 [2006]). Here, the defendant Damien J. Branch established his entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the accident occurred when the vehicle operated by the defendant Jose Amaya and owned by the defendant Jose G. Saravia (hereinafter together the defendants-appellants) suddenly crossed the double-yellow line and entered Branch's lane of traffic (*see Palma v Garcia*, 52 AD3d 795 [2008]; *Lee v Ratz*, 19 AD3d 552 [2005]). In opposition, the plaintiffs and the defendants-appellants failed to raise a triable issue of fact as to whether Branch contributed to the accident by failing to take

appropriate evasive actions (*see Sullivan v Mandato*, 58 AD3d 714 [2009]; *Snemyr v Morales-Aparicio*, 47 AD3d 702 [2008]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted Branch's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.