■ HENRY F. STUVE, JR., Respondent, v FRANCISCO BAINGAN, Respondent, and SANDRA S. DOZIER, Appellant. [993 NYS2d 46]—

In an action to recover damages for personal injuries, the defendant Sandra S. Dozier appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 5, 2013, which granted the plaintiff's motion for leave to reargue his opposition to that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her, which had been granted in an order of the same court dated March 18, 2013, and, upon reargument, vacated the order dated March 18, 2013, and thereupon denied that branch of the motion.

Ordered that the order dated August 5, 2013, is affirmed, with one bill of costs.

The Supreme Court providently exercised its discretion in granting the plaintiff leave to reargue because it had previously misapprehended the facts of the case (*see* CPLR 2221 [d]). Upon reargument, the Supreme Court properly vacated its prior order and thereupon denied that branch of the motion of the defendant Sandra S. Dozier which was for summary judgment dismissing the complaint insofar as asserted against her. Dozier established her prima facie entitlement to judgment as a matter of law by showing that the subject accident occurred when the vehicle operated by the defendant Francisco Baingan crossed over the double-yellow line and entered the lane of oncoming traffic in which Dozier and the plaintiff were separately traveling (*see Ferebee v Amaya*, 83 AD3d 997, 997 [2011]; *Barbaruolo v DiFede*, 73 AD3d 957, 957 [2010]; *Sullivan v Mandato*, 58 AD3d 714, 714 [2009]). However, in opposition, the plaintiff raised triable issues of fact as to whether Dozier's vehicle struck his vehicle and, if so, as to whether Dozier contributed to the accident by following the plaintiff too closely.

Accordingly, the Supreme Court properly granted the plaintiff's motion for reargument, upon reargument, vacated its prior order, and thereupon denied that branch of Dozier's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.