■ ILANA PEARSON, Individually and as Mother and Natural Guardian of TYLER PEARSON WRIGHT, an Infant, Respondent, v NORTHSTAR LIMOUSINE, INC., et al., Appellants. [999 NYS2d 478]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), dated January 14, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, Ilana Pearson, and her son, Tyler Pearson Wright, were passengers in a vehicle operated by Harold Wright (hereinafter the Wright vehicle) when it was involved in a collision with a vehicle owned by the defendant Northstar Limousine, Inc., and operated by the defendant Erik L. Smith (hereinafter the Smith vehicle). The Wright vehicle was traveling in the center northbound lane of I-684 when the Smith vehicle, which had been traveling in the center southbound lane of I-684, left the center southbound lane, crossed over the left southbound lane, traveled over the center grassy median, hit another vehicle, and then hit the Wright vehicle. At his deposition, Smith testified that his vehicle had been hit in the rear by an unidentified vehicle just prior to the accident. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted the motion, concluding that Smith was negligent in failing to take steps to avoid crossing into the northbound lanes, and that the emergency doctrine was inapplicable.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Smith violated Vehicle and Traffic Law § 1126 (a) by crossing over into opposing traffic on I-684, thereby causing the accident (*see Campbell v County of Suffolk*, 57 AD3d 821, 822 [2008]; *Snemyr v Morales-Aparicio*, 47 AD3d 702, 703 [2008]; *Foster v Sanchez*, 17 AD3d 312, 313 [2005]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the emergency doctrine applied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The emergency doc-

trine is not a defense available to the defendants because the emergency condition was partially created by Smith's disregard of existing traffic conditions (*see Marsicano v Dealer Stor. Corp.*, 8 AD3d 451, 452-453 [2004]; *Cascio v Metz*, 305 AD2d 354, 356 [2003]; *Mead v Marino*, 205 AD2d 669, 669-670 [1994]). Smith had a duty not to stop suddenly or slow down without proper signaling so as to avoid a collision (*see Foster v Sanchez*, 17 AD3d at 313; *Brodie v Global Asset Recovery, Inc.*, 12 AD3d 390, 390 [2004]; *Drake v Drakoulis*, 304 AD2d 522, 522-523 [2003]). At his deposition, Smith admitted that he was aware that the unidentified vehicle had been tailgating him for about 10 to 20 seconds. Despite being aware that he was being tailgated on a highway, he deliberately slowed his vehicle by disengaging the cruise control without proper signaling. Then, the unidentified vehicle hit the rear of his vehicle. Under these circumstances, it was foreseeable that slowing down without proper signaling could result in a rear-end collision. Accordingly, as Smith contributed to the creation of the emergency situation, the emergency doctrine is not applicable.

Since the defendants failed to raise a triable issue of fact, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability (*see Campbell v County of Suffolk*, 57 AD3d at 822; *Marsicano v Dealer Stor. Corp.*, 8 AD3d at 452-453; *Mead v Marino*, 205 AD2d at 670).

In light of our determination, we need not address the plaintiff's remaining contention. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.