■ ILDONG YEO, Respondent, v SPA CASTLE, INC., Formerly Known as IN SPA WORLD, INC., et al., Appellants, et al., Defendant. [16 NYS3d 599]—

In an action to recover damages for personal injuries, the defendants Spa Castle, Inc., formerly known as In Spa World, Inc., and Jindong Yeo appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated May 6, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Spa Castle, Inc., formerly known as In Spa World, Inc., and Jindong Yeo for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff allegedly was injured when a vehicle driven by the defendant Jindong Yeo and owned by the defendant Spa Castle, Inc., formerly known as In Spa World, Inc. (hereinafter together the appellants), in which she was a passenger, collided with a vehicle driven by the defendant Sheng Hu Jin. The plaintiff commenced this action to recover damages for personal injuries, and the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In support of their motion, the appellants submitted evidence including the transcripts of the deposition testimony of Jindong Yeo and nonparty Zhen Yu Li in a related action. The Supreme Court denied the motion.

The Supreme Court properly determined that the appellants could not use the transcripts of the deposition testimony of Jindong Yeo and nonparty Zhen Yu Li in the related action against the plaintiff in this action, since the plaintiff was not a party in the related action (*see* CPLR 3117 [a] [3]; *Chin v Ademaj*, 188 AD2d 579 [1992]).

Even without those transcripts, however, the appellants established their prima facie entitlement to judgment as a matter of law. In support of their motion, they also submitted a transcript of the plaintiff's deposition testimony which established, prima facie, that Sheng Hu Jin violated Vehicle

and Traffic Law §§ 1141 and 1126 when he turned directly into the path of the vehicle driven by Jindong Yeo, and that Sheng Hu Jin's actions were the sole proximate cause of the accident (*see Pyke v Bachan*, 123 AD3d 994, 995 [2014]; *Carroll-Batista v Bennett*, 122 AD3d 661, 662 [2014]; *Ferebee v Amaya*, 83 AD3d 997 [2011]; *DiSiena v Giammarino*, 72 AD3d 873 [2010]). Jindong Yeo was entitled to anticipate that Sheng Hu Jin would obey traffic laws that required him to yield (*see Pyke v Bachan*, 123 AD3d at 995; *Simeone v Cianciolo*, 118 AD3d 864 [2014]; *Moreno v Gomez*, 58 AD3d 611 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether Jindong Yeo was at fault in the happening of the accident (*see Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d 1033 [2014]; *Vazquez v New York City Tr. Auth.*, 94 AD3d 870 [2012]; *Yelder v Walters*, 64 AD3d 762 [2009]; *Boos v Bedrock Materials, Inc.*, 16 AD3d 447 [2005]), and Sheng Hu Jin did not oppose the motion.

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.