DANIEL GOMEZ RODRIGUEZ, an Infant, by His Mother and Natural Guardian, ANNA RODRIGUEZ, et al., Plaintiffs, v EMIR D. GUTIERREZ et al., Appellants, et al., Defendants. (Action No. 1.) JOSEPH AYALA, an Infant, by His Mother and Natural Guardian, JENNY AYALA, et al., Respondents, v MILA TRANSPORTATION, INC., et al., Appellants, et al., Defendants. (Action No. 2.) MARCIAL ORTA et al., Respondents, v CITY OF NEW YORK, Respondent, and MILA TRANSPORTATION, INC., et al., Appellants. (Action No. 3.) [31 NYS3d 97]—

In three related actions to recover damages for personal injuries, etc., which were joined for trial, Emir D. Gutierrez, Mila Transportation, Inc., and Astra Town Corp. appeal from an order of the Supreme Court, Kings County (Landicino, J.), dated November 13, 2013. The order granted the respective motions of Joseph Ayala and Jenny Ayala, the plaintiffs in action No. 2, Marcial Orta and Xiomara Pica, the plaintiffs in action No. 3, and the City of New York, a defendant in action No. 3, for leave to reargue their respective oppositions to the branches of the prior motions of Emir D. Gutierrez and Mila Transportation, Inc., defendants in action Nos. 2 and 3, which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in those actions, which had been granted in an order of that court dated April 4, 2013, and, upon reargument, vacated those portions of the order dated April 4, 2013, and thereupon denied those branches of the motions. The order also, upon, in effect, searching the record, vacated so much of the order dated April 4, 2013, as granted the motion of Emir D. Gutierrez, Mila Transportation, Inc., and Astra Town Corp., defendants in action No. 1, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in that action, and thereupon denied that motion. The order also, upon, in effect, searching the record, vacated so much of the order dated April 4, 2013, as granted that branch of the motion of Emir D. Gutierrez and Mila Transportation, Inc., defendants in action No. 2, which was for summary judgment dismissing the cross claims asserted against them in that action, and thereupon denied that branch of the motion.

Ordered the order dated November 13, 2013, is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the respective motions of Marcial Orta and Xiomara Pica, Joseph Ayala and Jenny Ayala, and the City of New York for leave to reargue are denied.

This appeal arises out of a two-car head-on collision that occurred on Cypress Avenue in Queens. The accident happened on a curved portion of the roadway that had one lane of traffic going in one direction and another lane of traffic going in the opposite direction. The two lanes of opposing traffic were separated by a double yellow line. One of the vehicles involved in the accident was owned by Xiomara Pica, operated by Marcial A. Orta, and carried one passenger, Joseph Ayala (hereinafter the Orta vehicle). The other vehicle involved in the accident was owned by Mila Transportation, Inc., and Astra Town Corp., operated by Emir D. Gutierrez, and carried two passengers at the time of the accident, Daniel Gomez Rodriguez and Raymond Gomez Rodriguez (hereinafter the Mila vehicle).

The passengers in both vehicles, the Rodriguezes and Ayala, among others, commenced action No. 1 against, among others, Emir D. Gutierrez, Mila Transportation, Inc., Astra Town Corp. (hereinafter collectively the Mila defendants), Orta, and Pica. Ayala and his mother (hereinafter the Ayala plaintiffs) commenced action No. 2 against Mila Transportation, Inc., Gutierrez, Orta, and Pica. Orta and Pica commenced action No. 3 against Mila Transportation, Inc., Gutierrez, and the City of New York. The three actions were joined for trial. In action No. 1, the Mila defendants moved, and in action Nos. 2 and 3, Gutierrez and Mila Transportation, Inc., moved, for summary judgment dismissing the complaints and all cross claims insofar as asserted against them. They argued that Orta was negligent in driving over the double yellow line into the lane of travel of the Mila vehicle and that Orta's negligence was the sole proximate cause of the accident. The motion in action No. 1 was opposed by, among others, Orta and Pica. The motion in action No. 2 was opposed by Orta and Pica, and the Ayala plaintiffs. The motion in action No. 3 was opposed by Orta and Pica, and the City. In their respective opposition papers, Orta and Pica, the Ayala plaintiffs, and the City (hereinafter collectively the respondents), argued, inter alia, that the motions were premature and, in any event, triable issues of fact existed as to which car crossed over the double yellow line.

In an order dated April 4, 2013 (hereinafter the April order), the Supreme Court granted the subject motions for summary

judgment in all three actions. The court concluded that the movants met their prima facie burden by demonstrating that the Orta vehicle crossed over the double yellow line, which caused the collision in the lane occupied by the Mila vehicle. The court determined that the respondents failed to raise a triable issue of fact in opposition.

In action No. 2, the Ayala plaintiffs moved, and in action No. 3, Orta and Pica moved, and the City separately moved, for leave to reargue their respective oppositions to the summary judgment motions. In the order appealed from, the Supreme Court granted the motions for leave to reargue and, upon reargument, vacated so much of the April order as granted that branch of the motion of Gutierrez and Mila Transportation, Inc., which was for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them, and thereupon denied that branch of the motion, and vacated so much of the April order as granted the motion of Gutierrez and Mila Transportation, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 3, and thereupon denied that motion. The court also, upon, in effect, searching the record, vacated so much of the April order as granted the Mila defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1, and thereupon denied that motion. Additionally, the court, upon, in effect, searching the record, vacated so much of the April order as granted that branch of the motion of Gutierrez and Mila Transportation, Inc., which was for summary judgment dismissing all cross claims asserted against them in action No. 2, and thereupon denied that branch of the motion. The court determined that it had previously overlooked facts that raised a triable issue of fact as to whether the Orta vehicle stayed in its lane and did not cross over the double yellow line. The Mila defendants appeal.

As an initial matter, contrary to the contentions of Orta and Pica, the Mila defendants' notice of appeal sufficiently describes the order sought to be reviewed (see CPLR 5515 [1]).

Turning to the merits, the Supreme Court should have denied the respondents' respective motions for leave to reargue. A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]; see Ahmed v Pannone, 116 AD3d 802, 805 [2014]; Matter of Anthony J. Carter, DDS, P.C. v Carter, 81 AD3d 819, 820

[2011]). "While the determination to grant leave to reargue a motion lies within the sound discretion of the court, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*Matter of Anthony J. Carter, DDS, P.C. v Carter*, 81 AD3d at 820 [citations and internal quotation marks omitted]).

Here, the Supreme Court did not overlook or misapprehend the facts, or misapply any controlling law, when it originally determined, in the April order, that the Mila defendants were entitled to summary judgment in action No. 1, and that Gutierrez and Mila Transportation, Inc., were entitled to summary judgment in action Nos. 2 and 3. The evidence submitted in support of the motions included transcripts of the deposition testimony of Gutierrez, the driver of the Mila vehicle, and Daniel Gomez Rodriguez, a passenger in the Mila vehicle. Gutierrez and Daniel Gomez Rodriguez both testified that they saw the Orta vehicle cross over the double yellow line and crash into the Mila vehicle within the Mila vehicle's lane of travel. They testified that the accident happened without warning and within seconds of when they observed the Orta vehicle within the curve of the road.

This testimony was sufficient to establish, prima facie, that Orta's negligence was the sole proximate cause of the accident. "Crossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making" (*Foster v Sanchez*, 17 AD3d 312, 313 [2005]; *see Marsicano v Dealer Stor. Corp.*, 8 AD3d 451 [2004]; *Gadon v Oliva*, 294 AD2d 397 [2002]). "A driver is not required to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic" (*Lee v Ratz*, 19 AD3d 552, 552 [2005] [internal quotation marks omitted]; *see Dormena v Wallace*, 282 AD2d 425, 427 [2001]). "Indeed, such a scenario presents an emergency situation, and the actions of the driver presented with [such a] situation must be judged in that context" (*Dormena v Wallace*, 282 AD2d at 427; *see Lee v Ratz*, 19 AD3d at 552-553).

In opposition, the respondents failed to raise a triable issue of fact. The respondents relied upon the deposition testimony of Orta and the other passengers in the vehicles. Orta, Ayala, and Raymond Gomez Rodriguez could not remember the accident. Orta testified that the last thing he remembered was "approaching the turn" in the roadway. Although he testified

that he was in his lane at that time, he could not recall his travel through the curve in the roadway or the collision itself, which happened within the curve or at the "peak of the turn." Contrary to the respondents' contention, it is speculative to conclude from Orta's testimony that he remained in his lane throughout the curve in the road and that, instead, the Mila vehicle crossed over the double yellow line.

Since the Supreme Court did not overlook any facts or law and came to this correct conclusion in the April order, it should have denied the respondents' respective motions for leave to reargue. Moreover, the court should not have, upon, in effect, searching the record, vacated so much of the April order as granted the Mila defendants' motion for summary judgment dismissing the complaint and all cross claims asserted against them in action No. 1, and thereupon denied that motion. The court also should not have, upon, in effect, searching the record, vacated so much of the April order as granted that branch of the motion of Emir D. Gutierrez and Mila Transportation, Inc., which was for summary judgment dismissing the cross claims asserted against them in action No. 2, and thereupon denied that branch of the motion.

As an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-547 [1983]), the respondents argue that the summary judgment motions should have been denied as premature (*see* CPLR 3212 [f]). To defeat a motion for summary judgment based on outstanding discovery, it is incumbent upon the opposing party to provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party (*see Suero-Sosa v Cardona*, 112 AD3d 706, 708 [2013]; *Cajas-Romero v Ward*, 106 AD3d 850 [2013]). The mere "hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion" (*Suero-Sosa v Cardona*, 112 AD3d at 708 [internal quotation marks omitted]). Here, the respondents failed to demonstrate how further discovery beyond the existing deposition testimony may reveal or lead to additional relevant evidence. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.