■ MARK J. CIRALDO, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [47 NYS3d 95]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated September 30, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on November 9, 2010, as the result of a motor vehicle accident in which his motorcycle collided with a bus owned by the defendants and operated by nonparty Steven Green.

The defendants met their prima facie burden for summary judgment dismissing the complaint by establishing that the plaintiff's act of crossing over the double yellow line into the lane of travel of the defendants' bus, in violation of Vehicle and Traffic Law § 1126 (a), was the sole proximate cause of the accident (*see Rodriguez v Gutierrez*, 138 AD3d 964, 967 [2016]; *Barbaruolo v DiFede*, 73 AD3d 957, 957 [2010]; *cf. Ruthinoski*

*v Brinkman*, 63 AD3d 900, 901-902 [2009]). "A driver is not required to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic" (*Eichenwald v Chaudhry*, 17 AD3d 403, 404 [2005]). The Supreme Court properly considered Green's unsigned deposition transcript since it was certified by the reporter and the plaintiff did not challenge the accuracy of the transcript (*see Jung Geun Lee v Mason*, 139 AD3d 807, 808 [2016]; *Gezelter v Pecora*, 129 AD3d 1021, 1022 [2015]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Barbaruolo v DiFede*, 73 AD3d at 957-958). The plaintiff's expert's opinion that the defendants' bus crossed over the double yellow line and into the plaintiff's lane of travel is based upon pure speculation, and is belied by the onboard bus video, which demonstrates that the bus never veered or deviated toward the center of the roadway prior to the accident (*see Eichenwald v Chaudhry*, 17 AD3d at 404).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Hall, J.P., Cohen, Miller and Connolly, JJ., concur.