In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), dated July 29, 2014, as granted that branch of the defendants’ motion which was to strike their notice to admit and denied that branch of their cross motion which was for summary judgment on the issue of liability.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs’ cross motion which was for summary judgment on the issue of liability is granted, and that branch of the defendants’ motion which was to strike the plaintiffs’ notice to admit is denied as academic.
 

 The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by them when a vehicle operated by the defendant Betty Allette and owned by the defendant Logan Bus, Co., Inc., crossed a double yellow line into the opposite lane of oncoming traffic and struck the plaintiffs’ vehicle. Thereafter, the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability, and the Supreme Court denied that branch of the plaintiffs’ cross motion. The plaintiffs appeal.
 

 “A driver is not required to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic” (Lee v Ratz, 19 AD3d 552, 552 [2005] [internal quotation marks omitted]; see Barbaruolo v DiFede, 73 AD3d 957 [2010]; Sullivan v Mandato, 58 AD3d 714 [2009]; Snemyr v Morales-Aparicio, 47 AD3d 702, 703 [2008]). “Crossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126 (a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver’s own making” (Foster v Sanchez, 17 AD3d 312, 313 [2005]; see Rodriguez v Gutierrez, 138 AD3d 964, 967 [2016]; Pearson v Northstar Limousine, Inc., 123 AD3d 991 [2014]; DiSiena v Giammarino, 72 AD3d 873, 874 [2010]; Marsicano v Dealer Stor. Corp., 8 AD3d 451, 452 [2004]; Gadon v Oliva, 294 AD2d 397, 397-398 [2002]).
 

 Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendant driver’s negligence in crossing over the double yellow line and entering the opposite lane of traffic, in which the plaintiffs’ vehicle had been traveling, was the sole proximate cause of the accident (see Rodriguez v Gutierrez, 138 AD3d at 967; Pearson v Northstar Limousine, Inc., 123 AD3d at 991; Sullivan v Mandato, 58 AD3d at 714-715). In opposition, the defendants failed to raise a triable issue of fact. The defendant driver’s deposition testimony indicated that she knew that there was a sharp curve in the road where she lost control of her vehicle and that rain, which had been falling for some time prior to the accident, had made the roadway slippery. Contrary to the defendants’ contention, the defendant driver merely speculated that there was oil on the ground. Thus, the defendants failed to raise a triable issue of fact as to whether the defendant driver was faced with an emergency situation not of her own making which contributed to the happening of the accident (see Bellantone v Toddy Taxi, 307 AD2d 979, 980 [2003]).
 

 Accordingly, the Supreme Court should have granted that branch of the plaintiffs’ cross motion which was for summary judgment on the issue of liability.
 

 Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.