Burgess v Little Wolf Cabinet Shop, Inc. (2024 NY Slip Op 02164)

Burgess v Little Wolf Cabinet Shop, Inc.

2024 NY Slip Op 02164

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-07741
 (Index No. 518211/16)

[*1]Mitchell W. Burgess, respondent, 
v
Little Wolf Cabinet Shop, Inc., et al., appellants.

McCarthy & Associates, Melville, NY (Patrick J. Morale and Marianne Arcieri of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Eileen Kaplan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 13, 2022. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging the emergency doctrine.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when his vehicle collided with a truck owned by the defendant Little Wolf Cabinet Shop, Inc., and operated by the defendant Eric T. Wilson (hereinafter the defendant driver). The plaintiff's vehicle was traveling northbound in the left lane and the defendants' vehicle was traveling southbound in the left lane. The defendant driver asserted that he crossed the double-yellow line and entered the northbound lane when a nonparty "dollar van" merged into his lane and then came to a sudden stop. After the defendant driver had begun to cross the double-yellow line, he saw the plaintiff's vehicle for the first time.
The plaintiff commenced this personal injury action against the defendants. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging the emergency doctrine, contending that the defendant driver was negligent in crossing the double-yellow line and contributed to the creation of the alleged emergency situation. In an order dated September 13, 2022, the Supreme Court granted the motion. The
defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Shah v MTA Bus Co., 201 AD3d 833, 834; Hai Ying Xiao v Martinez, 185 AD3d 1014). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d 312, 324-325). "[A] violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Marks v Rieckhoff, 172 AD3d 847, 848).
"Crossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126(a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making" (Foster v Sanchez, 17 AD3d 312, 313; see [*2]Browne v Logan Bus Co., Inc., 156 AD3d 856, 857). The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327). However, the emergency doctrine does not apply where "the party seeking to invoke it created or contributed to the emergency" (Mead v Marino, 205 AD2d 669, 669; see Fergile v Payne, 202 AD3d 928, 930-931; Pearson v Northstar Limousine, Inc., 123 AD3d 991, 991-992).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant driver negligently crossed the double-yellow line, entered the opposite lane of traffic, and struck the plaintiff's vehicle, and that the defendant driver's violation of Vehicle and Traffic Law § 1126(a) was a proximate cause of the accident (see Shah v MTA Bus Co., 201 AD3d at 834; Gute v Grease Kleeners, Inc., 170 AD3d 676). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging the emergency doctrine by demonstrating that the emergency condition was partially created by the defendant driver's negligent operation of his vehicle (see Vehicle and Traffic Law § 1129[a]; Burke v Kreger Truck Renting Co., 272 AD2d 494, 494-495; see also Browne v Logan Bus Co., Inc., 156 AD3d at 857-858). The defendant driver testified at his deposition that he knew that there was a double-parked vehicle in the right southbound lane where the dollar van was traveling, and both the dollar van and the vehicle traveling directly in front of the dollar van merged into the left southbound lane in front of the defendant's vehicle. In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging the emergency doctrine.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court