Walker v Edwards (2024 NY Slip Op 04476)

Walker v Edwards

2024 NY Slip Op 04476

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-00332
 (Index No. 515036/21)

[*1]Chadriek K. Walker, respondent, 
v
Lester S. Edwards, et al., appellants.

Morrison Mahoney LLP, New York, NY (Christopher P. Keenoy and Sheena Malik of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 2, 2022. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when his electric bicycle was struck by a vehicle owned by the defendant Federal Express Corporation and operated by the defendant Lester S. Edwards on Ocean Avenue in Brooklyn. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence. In an order dated November 2, 2022, the Supreme Court granted the plaintiff's motion. The defendants appeal.
"Crossing a double yellow line into the opposing lane of traffic, in violation of Vehicle and Traffic Law § 1126(a), constitutes negligence as a matter of law, unless justified by an emergency situation not of the driver's own making" (Foster v Sanchez, 17 AD3d 312, 313; see Browne v Logan Bus Co., Inc., 156 AD3d 856, 857). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his affidavit, wherein he averred that he was riding his electric bicycle south on Ocean Avenue when the defendants' vehicle, which had been traveling north on Ocean Avenue, crossed over the double yellow lines from the northbound lane into the southbound lane to make a U-turn and struck the plaintiff (see Burgess v Little Wolf Cabinet Shop, Inc., 226 AD3d 957; Browne v Logan Bus Co., Inc., 156 AD3d at 857; Snemyr v Morales-Aparicio, 47 AD3d 702, 703). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence by demonstrating that he was not at fault in the happening of the accident (see Quintanilla v Mark, 210 AD3d 713, 714).
In opposition, the defendants failed to raise a triable issue of fact (see Snemyr v Morales-Aparicio, 47 AD3d at 704). Contrary to the defendants' contention, the plaintiff's motion [*2]was not premature. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, [a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Skura v Wojtlowski, 165 AD3d 1196, 1200 [citations and internal quotation marks omitted]; see Quintanilla v Mark, 210 AD3d at 714). Here, the defendants had personal knowledge of the relevant facts and failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court