■ WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, Respondent, v CANNON PARTNERSHIP et al., Appellants, et al., Defendants. —Order unanimously affirmed with costs. Memorandum: Defendant architects contend that their motion to dismiss the complaint should have been granted because the action was

started more than six years after the completion of the construction work and the issuance of a certificate of completion. The Statute of Limitations governing a cause of action by an owner against an architect begins to run upon the termination of the relationship between the architect and the owner (*Sosnow v Paul*, 43 AD2d 978, *affd on mem at App Div* 36 NY2d 780). Where the contract requires the architect to conduct inspections to determine the date of substantial and final completion of the work and to issue a final certificate, a cause of action against the architect does not accrue until the certificate is issued. In such a case, the architect's duties do not end until the issuance of the certificate of completion (*Board of Educ. v Celotex Corp.*, 88 AD2d 713, 714, *affd* 58 NY2d 684). Here, there is no showing when the work on the entire project was completed and when the certificate of completion for all of the work was issued. Moreover, the contract for architects' services provided for additional services to be rendered by the architects after the issuance of a certificate of completion. Because the record does not indicate when the architects last provided services under the contract, the architects failed to meet their burden of proving when the relationship between the parties ended. (Appeal from Order of Supreme Court, Erie County, Fallon, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Pine, Lawton and Boehm, JJ.