■ BOARD OF EDUCATION OF THE TOWN OF WEBB UNION FREE SCHOOL DISTRICT, Appellant, v GARLAND COMPANY, INC., et al., Respondents, et al., Defendant.—Order insofar as appealed from unanimously reversed on the law with costs, motion denied and complaint against defendants Garland Company and Theodore O. Prossner, P.E., reinstated. Memorandum: In 1979, plaintiff contracted with defendants for the replacement of a roof on a school house in Old Forge. Defendant Garland Company, Inc. (Garland) assisted in the preparation of specifications for the project and provided the roofing materials. Defendant Theodore O. Prossner, P.E., was the consulting engineer, and defendant Michael Blakeman Contracting, Inc. (Blakeman) was the roofing contractor. It is undisputed that final payment was made to Blakeman in November 1979. In September 1979, the roof began to leak and continued to leak until it was finally replaced in 1987 after an architect's inspection disclosed that the roof could not be repaired because of defects in workmanship and construction. Repairs to the roof were made by Blakeman and paid for by Garland until June 1986, at which time Garland refused to make further payments. After replacing the roof, plaintiff commenced this action on July 29, 1987. A default judgment has been taken against Blakeman.

Plaintiff asserted four causes of action against Garland: fraudulent concealment, breach of contract, conspiracy to defraud and breach of express warranty. Garland moved for summary judgment, asserting that plaintiff's causes of action accrued in November 1979, nearly eight years before service of the complaint, and were therefore time-barred. In opposing the motion, plaintiff relied heavily on Garland's continued involvement in the project. Supreme Court granted summary judgment dismissing the complaint against Garland and Prossner.

Supreme Court erred in granting summary judgment to Prossner. The unsigned and unsworn affidavit of Prossner's attorney is insufficient to establish entitlement to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557).

On its summary judgment motion, Garland had the burden

of establishing that plaintiff's causes of action were precluded by the Statute of Limitations *(see, Zuckerman v City of New York, supra; Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Garland failed to meet that burden. Although a contractual relationship existed between plaintiff and Garland, the terms of that contract are not included in the record. Therefore, the reason for Garland's continued involvement in the roofing project through the 1985-1986 school year is an issue that must be determined by the finder of fact. Garland has failed to establish on this record that plaintiff's causes of action accrued beyond the limitations period *(see generally, Williamsville Cent. School Dist. v Cannon Partnership,* 187 AD2d 1011). (Appeal from Order of Supreme Court, Herkimer County, Tenney, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Boehm and Davis, JJ.