■ Maureen Cortes, an Infant, by Her Mother and Natural Guardian, Rosa Gutierrez, Appellant, et al., Plaintiff, v Scoroojnee Edoo et al., Respondents, et al., Defendants. (Action No. 1.) Steven Sweeney et al., Appellants, v Maximo Alvarez et al., Defendants, and Nalini Bahadur et al., Respondents. (Action No. 2.) Michael Batalitzky, Jr., Appellant, v Nalini Bahadur et al., Respondents, et al., Defendants. (Action No. 3.) Daniel Puerta, an Infant, by His Mother and Natural Guardian, Claudina Puerta, et al., Appellants, v Maximo Alvarez et al., Defendants, and Scoroojnee Edoo et al., Respondents. (Action No. 5.) Stephanie Rabel, Appellant, v Max Alvarez, Defendant, and Scoroojnee Edoo et al.,

Respondents. (Action No. 6.) JOSIP MATKOVIC, Appellant, v NALINI BAHADUR et al., Respondents, et al., Defendant. (Action No. 7.) (And a Related Action.) [671 NYS2d 360] —In seven related actions to recover damages for personal injuries, etc., Maureen Cortes, Steven Sweeney, Joseph Sweeney, Millard Sweeney, Michael Batalitzky, Jr., Daniel Puerta, Claudina Puerta, Stephanie Rabel, and Josip Matkovic, the plaintiffs in Actions No. 1, 2, 3, 5, 6, and 7, appeal, as limited by their brief, from (1) stated portions of a decision of the Supreme Court, Queens County (Kitzes, J.), dated January 23, 1997, and (2) so much of an interlocutory judgment of the same court entered April 2, 1997, as dismissed the complaints in Actions No. 1, 2, 3, 5, 6, and 7 insofar as asserted against those defendants.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the interlocutory judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

In the instant case the vehicle driven by the defendant Nalini Bahadur, and owned by the defendant Scorojnee Edoo, was struck by a vehicle proceeding in the opposite direction which crossed over a double yellow line into her lane of traffic. The defendant Bahadur was presented with an emergency situation and her actions must be judged in that context (*see, Williams v Econ,* 221 AD2d 429; *Mangano v New York City Hous. Auth.,* 218 AD2d 787; *Greifer v Schneider,* 215 AD2d 354; *Tenenbaum v Martin,* 131 AD2d 660). Indeed, a driver faced with an emergency situation is not obligated to exercise her best judgment and an error in judgment is not to be considered negligence (*see, Fermin v Graziosi,* 240 AD2d 365; *Tenenbaum v Martin, supra*). Accordingly, the Supreme Court properly set aside the jury verdict finding the defendants Bahadur and Edoo 50% at fault and in dismissing the complaint as to those defendants.

We find no merit to the plaintiffs' remaining contentions. Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.