■ MIRELLE DORMENA et al., Respondents, v LOUIS WALLACE et al., Respondents, and MIDWEST TRUCK CENTER, INC., et al., Appellants. [723 NYS2d 72] —In an action to recover damages for wrongful death, etc., the defendant Midwest Truck Center, Inc., appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated December 15, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted that branch of the plaintiffs' cross motion which was to substitute Wilbur Bailey as a party defendant in place of "John Doe," and the defendant Cecil J. Samuel and the defendants Baylor Trucking, Inc., and John Berry separately appeal, as

limited by their respective briefs, from so much of the same order as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal by the defendant Midwest Truck Center, Inc., from so much of the order as granted that branch of the plaintiffs' motion which was to substitute Wilbur Bailey as a party defendant, is dismissed on the ground that it is not aggrieved by that portion of the order (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the motions are granted, upon searching the record, summary judgment is granted to the defendant Wilbur Bailey, the complaint and all cross claims are dismissed insofar as asserted against the appellants and Wilbur Bailey, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

On the morning of July 28, 1997, the plaintiffs' decedent, Herve Dormena, was a passenger in an automobile operated by the defendant Wallace Louis, s/h/a Louis Wallace. The vehicle driven by Louis was proceeding northbound on 21st Street in Queens, a four-lane thoroughfare. At his deposition, Louis testified that a limousine traveling in the opposite direction on 21st Street made a left turn and hit his car. However, other witnesses testified that Louis apparently lost control of his car. In any event, the Louis vehicle then hit a tractor-trailer truck parked on the northbound side of the street, careened off that truck, crossed into the southbound lanes of traffic, and collided with a vehicle operated by the defendant Cecil J. Samuel which was traveling south on 21st Street. The Louis vehicle ultimately struck another tractor-trailer truck parked on the southbound side of the street. The plaintiffs, coadministrators of the estate of Herve Dormena, subsequently commenced this action against Midwest Truck Center, Inc. (hereinafter Midwest), and Baylor Trucking, Inc. (hereinafter Baylor), the owners of the tractor-trailer trucks, alleging that the trucks were parked at their respective locations in violation of signs which prohibited parking. The plaintiffs also named as defendants Wallace Louis, Mary Jones, the owner of the Louis vehicle, Cecil J. Samuel, John Berry, the operator of the Baylor truck, and Wilbur Bailey, the operator of the Midwest truck.

Midwest moved and Baylor and Berry separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that even

if the trucks were illegally parked, the violation of a parking regulation was not a proximate cause of the accident. Samuel also moved for summary judgment on the ground that he was confronted with an emergency situation. The Supreme Court denied the respective motions finding that the plaintiffs had raised triable issues of fact. We reverse.

Although "issues of proximate cause are generally fact matters to be resolved by a jury" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 659), the plaintiffs must establish, prima facie, that the alleged negligence of the defendants was a substantial cause of the events which resulted in the decedent's injuries (*see, Derdiarian v Felix Contr. Co.*, 51 NY2d 308, 315). At bar, assuming that the tractor-trailer trucks were parked in violation of a parking regulation, the record is devoid of any evidentiary facts to establish that the violation was a proximate cause of the accident (*cf., Sheehan v City of New York*, 40 NY2d 496; *Gleason v Reynolds Leasing Corp.*, 227 AD2d 375; *Lectora v Gundrum*, 225 AD2d 738). Under the circumstances, the motions for summary judgment by the defendants Midwest and Baylor and Berry should have been granted. Although Bailey never cross-moved for summary judgment, this court has the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a nonmoving party (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-112).

Further, the Supreme Court erred in denying Samuel's motion for summary judgment. It is undisputed that the Louis vehicle crossed over into the southbound lanes of 21st Street colliding with Samuel's vehicle. A driver is not required to anticipate that an automobile traveling in the opposite direction will cross over into oncoming traffic (*see, Velez v Diaz*, 227 AD2d 615; *Greifer v Schneider*, 215 AD2d 354). Indeed, such a scenario presents an emergency situation, and the actions of the driver presented with that situation must be judged in that context (*see, Greifer v Schneider, supra*). Samuel testified that he was stopped in the southbound lane. The plaintiffs contend that they raised an issue of fact that the Samuel vehicle was moving at the time of impact. However, the emergency doctrine would apply whether Samuel's vehicle was stopped or in motion, since the collision occurred within seconds of when Samuel first saw the Louis vehicle, Samuel was not obligated to exercise his best judgment and any error in judgment was not sufficient to constitute negligence (*see, Bentley v Moore*, 251 AD2d 612; *Greifer v Schneider, supra*). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.