■ INJA LEE et al., Respondents, v TRACY RATZ et al., Respondents, DESMOND WALSH, Appellant, et al., Defendant. [798 NYS2d 80]—

In an action to recover damages for personal injuries, the defendant Desmond Walsh appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated February 13, 2004, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

"A driver is not required to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic" (*Eichenwald v Chaudhry*, 17 AD3d 403, 404 [2005]; *Dormena v Wallace*, 282 AD2d 425, 427 [2001]; *see Gunacar v Mantione*, 264 AD2d 814 [1999]). "Indeed, such a scenario presents an

emergency situation, and the actions of the driver presented with [such a] situation must be judged in that context" (*Dormena v Wallace, supra* at 427; *see Gunacar v Mantione, supra*).

Here, the appellant demonstrated his entitlement to summary judgment by submitting evidence that the codefendant Taek Kyung Lee lost control of his vehicle after it was struck in the rear by an unidentified vehicle, and that Taek Kyung Lee's vehicle then crossed over a median strip into the path of oncoming traffic, where it collided with the appellant's vehicle. Since the collision occurred within seconds of when the appellant first saw the vehicle driven by Taek Kyung Lee crossing over the median at a high rate of speed, the emergency doctrine applies, and any alleged failure by the appellant to exercise his best judgment was insufficient to constitute negligence (*see Dormena v Wallace, supra*; *Bentley v Moore*, 251 AD2d 612, 613 [1998]; *Cortes v Edoo*, 249 AD2d 501, 502 [1998]; *Fermin v Graziosi*, 240 AD2d 365 [1997]). The plaintiffs' submissions in opposition to the motion failed to raise a triable issue of fact as to whether the appellant's reaction to the emergency was unreasonable, or whether any negligence on his part before the cross-over contributed to bringing about the emergency (*see Stoebe v Norton*, 278 AD2d 484, 485 [2000]; *Turner v Mongitore*, 274 AD2d 512 [2000]; *see also Eichenwald v Chaudhry, supra*). Accordingly, the appellant's motion for summary judgment should have been granted. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.