In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated April 30, 2007, as granted those branches of the separate mo *404 tions of the defendants Town of Brookhaven and County of Suffolk which were for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs decedent was killed when his motorcycle collided with a motor vehicle operated by the defendant Michelle Stolba as Stolba was making a left turn from Victory Avenue onto the entrance ramp to westbound Sunrise Highway, in Suffolk County. The plaintiff subsequently commenced this action alleging that the defendant Town of Brookhaven was negligent in failing to maintain its street lights, and the defendant County of Suffolk was negligent in failing to maintain its designed roadway markings, and that these acts of negligence were contributing causes of the fatal accident.
Although “issues of proximate cause are generally fact matters to be resolved by a jury” (Benitez v New York City Bd. of Educ., 73 NY2d 650, 659 [1989]), the plaintiff must establish, prima facie, that the alleged negligence of the municipal defendants was a substantial cause of the events which resulted in the subject motor vehicle accident (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). At bar, assuming the existence of such negligence on the part of the municipal defendants, the record is devoid of any evidentiary facts to establish that the negligence was a proximate cause of the accident (see Dormena v Wallace, 282 AD2d 425 [2001]). Accordingly, the Supreme Court properly granted those branches of the separate motions of the County and the Town which were for summary judgment dismissing the complaint insofar as asserted against them. Lifson, J.E, Santucci, Balkin and Belen, JJ., concur.