■ Corey J. Santiago et al., Appellants, v Nicholas M. Quattrociocchi et al., Respondents. [937 NYS2d 119]—

A vehicle operated by the defendant C.A. Quattrociocchi and

owned by the defendant Nicholas M. Quattrociocchi (hereinafter together the defendants) collided with a bicycle operated by the infant plaintiff. The infant plaintiff, by his mother, and his mother, suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the accident was caused by the infant plaintiff, who suddenly moved his bicycle from the southbound shoulder into the southbound lane of travel, in which the defendant driver was moving. The infant plaintiff had no recollection of how the accident occurred. The Supreme Court granted the motion.

The deposition testimony of the defendant driver and the affidavit of the nonparty witness submitted by the defendants in support of the motion established, prima facie, that the infant plaintiff's negligent operation of his bicycle was the sole proximate cause of the accident (*see* Vehicle and Traffic Law §§ 1128, 1237). In opposition, the plaintiffs failed to raise a triable issue of fact. "Although the plaintiff suffers from amnesia as a result of the accident, and thus is not held to as high a degree of proof, [ ]he is not relieved of the obligation to provide some proof from which negligence can reasonably be inferred" (*DeLuca v Cerda*, 60 AD3d 721, 722 [2009]; *see Noseworthy v City of New York*, 298 NY 76 [1948]). Here, the plaintiffs failed to provide any evidence from which one could reasonably infer that the defendant C.A. Quattrociocchi was negligent. The affidavit of the plaintiffs' expert submitted in opposition to the motion was speculative and insufficient to raise a triable issue of fact (*see generally Jose v Richards*, 307 AD2d 279 [2003]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.