*1018 In an action, inter alia, to recover damages for personal injuries, the defendants Alexander Ilchert, Jr., and Elmhurst Dairy, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered September 6, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Robert F. Reiche and Planet Recovery, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff and the defendant Dharmangini C. Shah, and the motion of the defendants Alexander Ilchert, Jr., and Elmhurst Dairy Inc., and the cross motion of the defendants Robert E Reiche and Planet Recovery, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.
This action arises from a multi-vehicle accident. The defendant Dharmangini C. Shah alleged that her vehicle struck the rear of a vehicle operated by the defendant Mohammad Akbar, and that, approximately 15 seconds later, the plaintiffs vehicle allegedly struck Shah’s vehicle in the rear. The plaintiff was allegedly driving his vehicle at the rate of 15 miles per hour when he first saw Shah’s stopped vehicle approximately four car lengths in front of him. The plaintiff alleged that it was raining, that the road was wet, and that his vehicle skidded when he attempted to stop his vehicle.
The plaintiff alleged that his vehicle was subsequently struck in the rear by an unidentified vehicle that fled the scene of the accident. That collision allegedly caused the plaintiffs vehicle to cross over into the opposite lanes of traffic, directly into the path of a vehicle (hereinafter the dairy truck) operated by the defendant Alexander Ilchert, Jr., and owned by the defendant Elmhurst Dairy, Inc (hereinafter Elmhurst Dairy). The dairy truck struck the plaintiffs vehicle. A vehicle operated by the defendant Robert E Reiche and owned by the defendant Planet Recovery, Inc. (hereinafter Planet Recovery), subsequently struck the dairy truck in the rear.
The plaintiff commenced this action to recover damages for personal injuries and injury to property. Ilchert and Elmhurst Dairy moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contend *1019 ing that the emergency doctrine applied to relieve them of liability for any injuries sustained by the plaintiff in the accident. Reiche and Planet Recovery cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that Reiche’s alleged negligence did not proximately cause the plaintiffs damages. The Supreme Court denied the motion and the cross motion. We reverse.
“Under the emergency doctrine, ‘when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context’ ” (Miloscia v New York City Bd. of Educ., 70 AD3d 904, 905 [2010], quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). “This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed” (Ferrer v Harris, 55 NY2d 285, 293 [1982]; see Pawlukiewicz v Boisson, 275 AD2d 446, 447 [2000]). A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic, and such an event constitutes a classic emergency situation, thus implicating the emergency doctrine (see Ardila v Cox, 88 AD3d 829, 830 [2011]; Gajjar v Shah, 31 AD3d 377, 377-378 [2006]).
Here, Ilchert and Elmhurst Dairy established their prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that Ilchert was faced with an emergency situation not of his own making, and that he acted reasonably in response to that emergency (see Alvarado v New York City Tr. Auth., 106 AD3d 845, 846 [2013]; Palma v Garcia, 52 AD3d 795, 796 [2008]; Gajjar v Shah, 31 AD3d at 378). The codefendants of Ilchert and Elmhurst Dairy did not oppose the motion, and the plaintiff, in opposition, failed to submit evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Reiche and Planet Recovery established their prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that Reiche did not proximately cause the plaintiffs damages (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507 [1980]). Evidence showed that the vehicle operated by Reiche never came into contact with the plaintiffs vehi *1020 ele, and that its contact with the dairy truck did not cause any further impact to the plaintiff or his vehicle. Akbar, Ilchert, and Elmhurst Dairy submitted no opposition to the cross motion, and the submissions of the plaintiff and Shah in opposition to the cross motion did not raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, the Supreme Court should have granted the motion of Ilchert and Elmhurst Dairy and the cross motion of Reiche and Planet Recovery for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.
Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.