■ JESSE C. WEMYSS, Appellant, v RYSZARD RUSZCZYK, Defendant, and PATRICIA NOLAN et al., Respondents. [5 NYS3d 506]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated December 10, 2013, as granted that branch of the motion of the defendants Patricia Nolan and Northport-East Northport Union Free School District which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was riding a motorcycle in the eastbound lane

of Route 25A when it collided with a vehicle operated by the defendant Ryszard Ruszczyk, who was traveling north on Coves Run Road and attempted to make a left turn into the westbound lane of Route 25A. The plaintiff was ejected from the motorcycle and slid into the westbound lane of Route 25A, where he was run over by a vehicle operated by the defendant Patricia Nolan and owned by the defendant Northport-East Northport Union Free School District (hereinafter together the School District defendants).

The plaintiff commenced this action to recover damages for personal injuries against Ruszczyk and the School District defendants. The School District defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.

"[T]he emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Vargas v Akbar*, 123 AD3d 1017 [2014]; *Quinones v Altman*, 116 AD3d 686, 687 [2014]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues 'may in appropriate circumstances be determined as a matter of law' " (*Vitale v Levine*, 44 AD3d 935, 936 [2007] [citation omitted], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d at 60).

Here, the School District defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that Nolan was faced with an emergency situation not of her own making when the plaintiff slid directly into her lane of traffic, and that she acted reasonably in the context of that emergency (*see Vargas v Akbar*, 123 AD3d 1017 [2014]; *Quinones v Altman*, 116 AD3d at 687; *Brannan v Korn*, 84 AD3d 1140 [2011]; *Lonergan v Almo*, 74 AD3d 902 [2010]; *Jones v Geoghan*, 61 AD3d 638 [2009]; *Vitale v Levine*, 44 AD3d at 936; *Lee v Ratz*, 19 AD3d 552 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. Under these circumstances, where the plaintiff failed to make any showing of negligence on the part of the School District defendants, the plaintiff was not entitled to invoke the

*Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) with respect to those defendants (*see Clark v Amboy Bus Co.*, 117 AD3d 892 [2014]; *Santiago v Quattrociocchi*, 91 AD3d 747 [2012]; *Afghani v Metropolitan Suburban Bus Auth.*, 45 AD3d 511 [2007]).

Accordingly, the Supreme Court properly granted that branch of the School District defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.