Ordonez v Lee (2019 NY Slip Op 08199)





Ordonez v Lee


2019 NY Slip Op 08199


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-09662
 (Index No. 8685/17)

[*1]Erick Ordonez, appellant,
v
Sam Lee, respondent.


Subin Associates, LLP (Robert J. Eisen and Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci and Gerrard Ferrara of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered May 16, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on March 15, 2017, when his vehicle was struck in the rear by a vehicle operated by the defendant. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability, submitting an affidavit in which he averred that he was driving on the Brooklyn-Queens Expressway, slowed down because of traffic, and was hit in the rear by the defendant's vehicle. The plaintiff averred that the force of the collision propelled his vehicle forward, causing it to strike a vehicle operated by a nonparty.
The defendant opposed the motion, submitting an affidavit in which he averred that he was traveling five to six meters, or 16 to 20 feet, behind the plaintiff's vehicle at a speed of approximately 30 to 35 miles per hour. The defendant averred that as he traveled over a slight crest in the roadway, traffic began slowing down in all lanes. The defendant averred that he "immediately applied [his] brakes, but was unable to stop [his] vehicle before an impact occurred." The defendant argued, inter alia, that the plaintiff's motion was premature and, in any event, that his affidavit raised a triable issue of fact as to whether the emergency doctrine relieved him of liability for the happening of the accident.
The Supreme Court denied the plaintiff's motion. The plaintiff appeals, and we reverse.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Russell v J.L. [*2]Femia Landscape Servs., Inc., 161 AD3d 1119, 1120; Niyazov v Hunter EMS, Inc., 154 AD3d 954). "As such, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Lopez v Dobbins, 164 AD3d 776, 777; see Tutrani v County of Suffolk, 10 NY3d 906, 908).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through his affidavit, which demonstrated, prima facie, that the defendant was negligent (see Lopez v Dobbins, 164 AD3d at 777; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755; see also Rodriguez v City of New York, 31 NY3d 312). In opposition, the defendant failed to set forth a nonnegligent explanation for the rear-end collision (see Vargas v Akbar, 123 AD3d 1017, 1019). Contrary to the defendant's contention, the emergency doctrine is not applicable to this case. "[T]he emergency doctrine does not apply to typical accidents involving rear-end collisions because trailing drivers are required to leave a reasonable distance between their vehicles and vehicles ahead" (Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 729). Further, the plaintiff's motion was not premature, as the defendant failed to demonstrate how further discovery might reveal or lead to relevant evidence, or that facts essential to oppose the motion were exclusively within the plaintiff's control (see CPLR 3212[f]; Yiming Zhou v 828 Hamilton, Inc., 173 AD3d 943).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court