Lizares v Conklin (2023 NY Slip Op 01081)

Lizares v Conklin

2023 NY Slip Op 01081

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-03747
 (Index Nos. 611476/17, 601017/18)

[*1]Juan Miguel Lizares, et al., plaintiffs-respondents,
v
Brian Conklin, et al., defendants, Katrina Gick, et al., defendants-respondents, Jennifer Eicholz, appellant. (Action No. 1.)
Jennifer Eicholz-Lucchetti, plaintiff,
v
Brian T. Conklin, et al., defendants. (Action No. 2.)

Sette & Apoznanski, Westbury, NY (Patricia McDonagh of counsel), for appellant.
Massimo & Panetta, P.C., Mineola, NY (Nicholas J. Massimo of counsel), for plaintiffs-respondents.

DECISION & ORDER
In related actions to recover damages for personal injuries, which were joined for discovery and trial, Jennifer Eicholz-Lucchetti, sued in Action No. 1 as Jennifer Eicholz and the plaintiff in Action No. 2, appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered February 27, 2020. The order, insofar as appealed from, in effect, denied the cross-motion of Jennifer Eicholz-Lucchetti for summary judgment dismissing the complaint and all cross-claims in Action No. 1 insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of Jennifer Eicholz-Lucchetti for summary judgment dismissing the complaint and all cross-claims in Action No. 1 insofar as asserted against her is granted.
These related actions arise from a multi-vehicle collision that occurred on March 7, 2017, on Merrick Road near its intersection with Wantagh Avenue in Nassau County. A vehicle operated by Brian Conklin, sued in Action No. 2 as Brian T. Conklin, came into contact with the back of a vehicle operated by Juan Miguel Lizares, which had been traveling in the eastbound direction on Merrick Road. The Lizares vehicle was pushed across a double yellow line into oncoming traffic traveling westbound on Merrick Road, where it collided with a vehicle operated by Jennifer Eicholz-Lucchetti, sued in Action No. 1 as Jennifer Eicholz, and then struck a vehicle operated by Katrina Gick.
Juan Miguel Lizares and J.L., an infant by her mother and natural guardian, Corcelie Lizares, commenced an action against, among others, Conklin and Eicholz-Lucchetti, as well as Katrina Gick and Jeffrey Gick (hereinafter together the Gick defendants) (hereinafter Action No. 1). Eicholz-Lucchetti thereafter commenced a separate action against, among others, Conklin and Juan Miguel Lizares (hereinafter Action No. 2). The Supreme Court joined the two actions for discovery [*2]and trial. In Action No. 1, Eicholz-Lucchetti cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her, contending that the emergency doctrine relieved her of any liability for the accident. The plaintiffs in Action No. 1 and the Gick defendants opposed the cross-motion. By order entered February 27, 2020, the court, inter alia, in effect, denied the cross-motion. Eicholz-Lucchetti appeals.
Pursuant to the emergency doctrine, "those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth., 106 AD3d 1079, 1079 [internal quotation marks omitted]; see Rivera v New York City Tr. Auth., 77 NY2d 322, 327; Selig v Diez, 180 AD3d 832, 833). "Under appropriate circumstances, the existence of an emergency, as well as the reasonableness of the actor's response to it, may be determined as a matter of law" (Wu Kai Ming v Grossman, 133 AD3d 742; see Wade v Knight Transp., Inc., 151 AD3d 1107, 1109-1110; Majid v New York City Tr. Auth., 128 AD3d 648, 649). "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic, and such an event constitutes a classic emergency situation, thus implicating the emergency doctrine" (Vargas v Akbar, 123 AD3d 1017, 1019; see Grasso v Nassau County, 180 AD3d 1008, 1010).
Here, in support of her cross-motion, Eicholz-Lucchetti submitted transcripts of deposition testimony establishing, inter alia, that the Lizares vehicle was propelled into oncoming traffic and collided with Eicholz-Lucchetti's vehicle within one second of the Conklin vehicle coming into contact with the rear of the Lizares vehicle. Eicholz-Lucchetti's submissions were sufficient to establish, prima facie, that she was confronted with an emergency not of her making, leaving her virtually no opportunity to avoid a collision (see Pappas v New York City Tr. Auth., 208 AD3d 890, 891-892; Vargas v Akbar, 123 AD3d at 1019). In opposition, the plaintiffs in Action No. 1 and the Gick defendants failed to raise a triable issue of fact (see Grasso v Nassau County, 180 AD3d at 1010).
Accordingly, the Supreme Court should have granted Eicholz-Lucchetti's cross-motion for summary judgment dismissing the complaint and all cross-claims in Action No. 1 insofar as asserted against her.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court