Francois v Baez-Mieses (2023 NY Slip Op 02864)

Francois v Baez-Mieses

2023 NY Slip Op 02864

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-06675
 (Index No. 601119/19)

[*1]Carlo Francois, respondent, 
v
Carolina Baez-Mieses, appellant, et al., defendants.

Martyn, Martyn, Smith & Murray, Mineola, NY (Marie E. Holbrook of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Carolina Baez-Mieses appeals from an order of the Supreme Court, Nassau County (John Michael Galasso, J.), entered August 26, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Carolina Baez-Mieses for summary judgment dismissing the complaint insofar as asserted against her is granted.
On October 8, 2016, the parties were involved in a multivehicle accident. The plaintiff's vehicle was struck in the rear by a vehicle operated by the defendant Latoya McKane and owned by the defendant Audrey McKane. This collision caused the plaintiff's vehicle to cross into the opposite lane of traffic at an intersection and strike a vehicle operated by the defendant Carolina Baez-Mieses. The plaintiff commenced this action to recover damages for personal injuries. Baez-Mieses moved for summary judgment dismissing the complaint insofar as asserted against her, arguing that she was not responsible for the happening of the accident. In an order entered August 26, 2020, the Supreme Court denied the motion, and Baez-Mieses appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Aponte v Vani, 155 AD3d 929, 930 [internal quotation marks omitted]; see Ferguson v City of New York, 209 AD3d 981). "'A driver is not required to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic'" (Lee v Ratz, 19 AD3d 552, 552, quoting Eichenwald v Chaudhry, 17 AD3d 403, 404; see Browne v Logan Bus Co., Inc., 156 AD3d 856, 857; Mandel v Benn, 67 AD3d 746, 747). "'Indeed, such a scenario presents an emergency situation, and the actions of the driver presented with [such a] situation must be judged in that context'" (Lee v Ratz, 19 AD3d at 552-553, quoting Dormena v Wallace, 282 AD2d 425, 427; see Wemyss v Ruszczyk, 126 AD3d 888, 889; Vargas v Akbar, 123 AD3d 1017, 1019).
Here, Baez-Mieses established her prima facie entitlement to judgment as a matter of law by demonstrating that she was presented with an emergency situation not of her own making when the plaintiff's vehicle crossed into her lane of traffic, and that she acted reasonably under the circumstances (see Vargas v Akbar, 123 AD3d at 1019; Gajjar v Shah, 31 AD3d 377, 378; Lee v [*2]Ratz, 19 AD3d at 552-553). Although the parties' deposition testimony submitted by Baez-Mieses in support of her motion conflicted as to whether she was stopped at a red light or traveling through the intersection with a green light at the time that her vehicle was struck by the plaintiff's vehicle, the conflicting versions did not create a triable issue of fact. Under either scenario, Baez-Mieses established that the collision occurred almost immediately after she first observed the plaintiff's vehicle, leaving her with no opportunity to avoid the collision (see Quinones v Altman, 116 AD3d 686, 687; Jones v Geoghan, 61 AD3d 638, 639). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Baez-Mieses's motion for summary judgment dismissing the complaint insofar as asserted against her.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court