| |
|---|
| **Balkarran v Sitts** |
| 2026 NY Slip Op 30002(U) |
| January 8, 2026 |
| Supreme Court, Schnectady County |
| Docket Number: Index No. 2025-1567 |
| Judge: Michael R. Cuevas |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

STATE OF NEW YORK                                    SUPREME COURT
COUNTY OF SCHENECTADY

---

SEURAJ BALKARRAN,                                    **DECISION AND ORDER**

                                                     (Motion 1)
                              Plaintiff,             Index No.: 2025-1567

                    -against-

DAVID D. SITTS and KENNETH R. SITTS,

                              Defendants.

---

**APPEARANCES:**

Christopher Burke, Esq., Dalmata, Maloy & Burke, LLP, attorneys for Plaintiffs

Keith M. Frary, Esq., Law Offices of Thomas Martyn, attorneys for Defendants

**MICHAEL R. CUEVAS, J.**

Plaintiff Seuraj Balkarran ("Balkarran") instituted this action by filing a Summons and Complaint on June 30, 2025. The Complaint alleges that Defendants were negligent and caused a motor vehicle accident in which the Plaintiff claims he sustained serious personal injuries. Defendants David D. Sitts and Kenneth R. Sitts's ("Sitts") (collectively "Defendants")  filed an Answer on July 21, 2025.[1] Plaintiff now moves for summary judgment against Defendants on the issue of liability. Balkarran also moves to strike certain of Defendants' Affirmative Defenses (First- culpable conduct; Eighth- facts, circumstances or conditions beyond the control of defendant that caused the accident to be unavoidable; Fifth- negligence of an unknown third-party); and such other relief as the Court deems proper.  Defendants oppose the motion and Balkarran submits reply papers.

In support of his motion, Balkarran provided an Affirmation of Christopher Burke, Esq., a certified copy of the police accident report, secondary police accident report, Summons and

---

[1] *Exs. C, D.*

1

Complaint, Defendants' Answer, and Affidavit of Seuraj Balkarran that was unsigned. In opposing the motion, Defendants submit an Affirmation of Keith Frary, Esq., which incorporated exhibits such as the Demand for a Verified Bill of Particulars, Omnibus Demands and Discovery Demands, Notices of Depositions, and Notice of Medical Examination, all dated August 19, 2025.

This Court finds that summary judgment must be denied as Plaintiff's papers are do not contain evidence in admissible form to support the motion and some of the papers submitted suggest a potentially triable issue of material fact.

## PLAINTIFF'S STATEMENT OF PURPORTED FACTS

On April 30, 2023, while driving a 1997 Honda (KBB 2539) owned by David Sitts, without a valid driver's license, Sitts allegedly crossed a double yellow dividing line on North Greenfield Road, resulting in Balkarran maneuvering his vehicle to avoid being struck head on by Sitts.[2] As a result, Balkarran exited the roadway, struck, and destroyed a mailbox, and came to rest in a ditch.[3] At the time of the incident, Balkarran was driving a 2006 Honda (HPF 4697).[4] Kenneth Sitts was charged with the following violations of the *Vehicle and Traffic Law* : *VTL 600 01A-* leaving the scene of an accident; *VTL 511 01A-* Aggravated unlicensed operation of a motor vehicle; *VTL 1198 7A-* Interlock Violation; *VTL 1128 0A* Lane Violation; *VTL 509 01-* Unlicensed Driver.[5]

Since Plaintiff's motion rests entirely on Plaintiff's unsigned, unsworn affidavit which is of no probative value and inconsistent police reports, the Court must deny the motion, without prejudice.

## LAW AND DISCUSSION
### A. STANDARD OF LAW: SUMMARY JUDGMENT *CPLR §3212 (b)*

It is well-settled that the proponent of a motion for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law by providing sufficient evidence to demonstrate the absence of material issues of fact. *See, Sillman v. Twentieth Century-Fox Film*

---

[2] *Burke Aff. ¶3.*
[3] *Burke Aff. ¶3; Ex. A.*
[4] *Burke Aff. ¶3.*
[5] *Ex. B.*

2

*Corp.*, 3 N.Y.2d 395 (1957); *Alvarez v. Prospect Hospital*, 68 N.Y.2d 320 (1986); *Zuckerman v. City of New York*, 49 N.Y.2d 557 (1980); *Bhatti v. Roche*, 140 A.D.2d 660 (2d Dept. 1988). To obtain summary judgment, the moving party must establish its claim or defense by tendering sufficient evidentiary proof, in admissible form, adequate to warrant the court, as a matter of law, to direct judgment in the movant's favor. *See, Friends of Animals, Inc., v. Associated Fur Mfrs., Inc.*, 46 N.Y.2d 1065 (1979). Such evidence may include deposition transcripts, as well as other proof annexed to an attorney's affirmation. *See, CPLR § 3212 (b)*; *Olan v. Farrell Lines, Inc.*, 64 N.Y.2d 1092 (1985).

If a *prima facie* showing is demonstrated, the burden then shifts to the non-moving party to come forward with competent evidence to demonstrate the existence of a material issue of fact, the existence of which necessarily precludes the granting of summary judgment and necessitates a trial. *See, Zuckerman, supra,* 49 N.Y.2d, at 557. Mere conclusory or unsupported evidence will not meet the burden. *Id.* It is well-settled that on a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Ortiz v. Varsity Holdings, LLC*, 18 N.Y. 3d 335 (2011). When considering a motion for summary judgment, the function of the court is not to resolve issues or determine credibility, but rather to determine if any material issues of fact exist. *See, Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395 (1957); *Barr v. Albany County*, 50 N.Y.2d 247 (1980); *Daliendo v. Johnson*, 147 A.D.2d 312 (2d Dept. 1989). Conflicting testimony creates a credibility issue that cannot be resolved on a summary judgment motion. *Greco v. Boyce*, 262 A.D. 2d 734 (3d Dept. 1999); *see also, Boyce v. Vazquez*, 249 A.D. 2d 724 (3d Dept. 1998). If on a summary judgment motion the opposing parties submit conflicting expert opinions, the resulting credibility issues must be resolved by a jury. *Marshall v. Rosenberg*, 196 A.D. 3d 817 (3d Dept. 2021). Mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue. *See, Gilbert Frank Corp. v. Federal Ins. Co.*, 70 N.Y.2d 966 (1988).

Plaintiff argues that where there is an unexcused violation of the *VTL*, such violation constitutes negligence *per se*. This includes crossing a double yellow line. *Hazelton v. D.A. Lajeunesse Eldg. And Remodeling Inc.*, 38 AD. 3d 1071 (3d Dept. 2007). "A driver is not required

3

to anticipate that a vehicle travelling in the opposite direction will cross over into oncoming traffic." *Lee v. Ratz*, 19 A.D. 3d 552 (2d Dept. 2005); *Dormena v. Wallace*, 282 A.D. 2d 425 (2d Dept. 2001). "[S]uch a scenario presents an emergency situation, and the actions of the driver presented with [such a ] situation must be judged in that context." *Id.* The Lee Court found that the Court will evaluate whether the plaintiff's actions were reasonable given the context, or whether the plaintiff was negligent himself. The Third Department in *Fillette v. Lundberg* dealt with a similar situation where a car struck another car after crossing the double yellow line. *Fillette v. Lundberg*, 150 A.D. 3d 1574 (3d Dept. 2017). The Court found that negligence *per se* applied after defendant pled guilty to a traffic ticket for crossing the double yellow line. *Id.* And that the only defense to such negligence *per se* would be an unforeseen medical, or other type of, emergency not of the driver's own making. *Id.* In *Fillette*, both the plaintiff and defendant were deposed and the defendant pled guilty to a traffic violation for crossing the double yellow line. However, in *Hazelton,* the Third Department affirmed Supreme Court's grant of partial summary judgment based upon affidavits of two eyewitnesses, the driver of another vehicle and the investigating State Trooper. The appellate court rejected as speculation and conjecture, Defendant's affidavit that he believed that he had "blacked out" finding the claim unsupported by medical evidence and therefore insufficient to create an issue of fact regarding an unforeseeable emergency. *Supra* at 1072. The *Hazelton* court rejected the defense claim that discovery had not been conducted since defendant had ample opportunity to conduct same and failed to pursue discovery. Here, Plaintiff submits an unsigned, unsworn affidavit of the Plaintiff. Unsigned, unsworn affidavits are insufficient to establish a basis for summary judgment. See, *Hoyos v. NY-1095 Avenue of the Americas, LLC,*156 AD3d 491 (1st Dept 2017); *Derrick v North Star Orthopedics, PLLC,* 121 AD3d 741 (2nd Dept 20140; *Morrison v. Hindley,* 221 AD2d 691 (3d Dept 1995); *Board of Educ. Of Town of Webb Union Free School Dist. v. Garland Co., Inc.,* 190 AD2d 1020 (4th Dept 1993). Plaintiff's other proof, the Police Accident Reports, appear inconsistent, with such inconsistencies unexplained. Both reports are labeled "Amended Reports" without indication of how or why they were amended. The first report with a date and time stamp of 5/11/2023 00:48 states that Vehicle

4

No. 1 was operated by Plaintiff Seuraj Balkarran in a southwesterly direction when an uninvolved vehicle driving northeasterly, swerved and entered the opposite lane of traffic, nearly striking Vehicle No. 1. Vehicle No. 1 made an evasive maneuver, exited the roadway, struck a mailbox and came to rest in a ditch. This narrative is depicted in the accompanying diagram. The second report (by date/time) with a date and time of 5/11/2023 01:17 indicates that Defendant Kenneth R. Sitts, the operator of Vehicle 1 was driving northeasterly, was distracted by a squirrel, entered the opposite lane of travel, nearly striking another vehicle, before striking and destroying a mailbox and coming to rest in the ditch. That narrative is depicted in the accompanying diagram.

Defendants argue that summary judgment at this juncture is unwarranted as discovery is ongoing. *See, Abulhasan v. Uniroyal-Goodrich Tire Co.*, 258 A.D. 2d 728 (3d Dept. 1999); *Kelly v. Fleet Bank*, 229 A.D. 2d 659 (3d Dept. 1996); *Sportiello v. City of New York*, 6 A.D. 3d 421 (2d Dept. 2004). While neither the drivers of the two vehicles involved in the accident nor the passenger in Plaintiff's vehicle or the witness identified in the police report have been deposed, the cases cited by Defendants do not address the precise legal issue involved in this case. In addition, those cases are distinguishable on the status of discovery and/or efforts to enforce discovery prior to the summary judgment motion and the findings of material issues of fact. The better authority holds that summary judgment is not precluded, even if discovery has not been had. *Hazelton,* 38 AD. 3d at 1071, 1072. Had Plaintiff submitted admissible evidence and shifted the burden to Defendants to demonstrate an exception to the negligence per se rule, i.e. an unforeseen and unexpected medical emergency, Defendants' failure to raise an emergency defense would have required closer examination of the lack of discovery.

Defendants note that Balkarran submitted an affidavit that he has sustained "serious injuries."[6] "Under New York's No–Fault Law, an injured party's right to bring a personal injury action for noneconomic losses ... arising out of an automobile accident is limited to those instances where such individual has incurred a serious injury" *Jones v. Marshall,* 147 A.D.3d 1279, 1283

---

[6] *Balkarran Aff. ¶7.*

(3d Dept 2017); Noor v. Fera, 200 AD3d 1366 (3d Dept 2021); *see* Insurance Law § 5104[a]). Plaintiff's unsigned, unsworn affidavit does not establish that Plaintiff sustained a serious injury. However, the issue of whether Plaintiff sustained a serious injury is generally one left to the jury and while it can be determined on motion, no such motion is before the Court.

While Defendants appeal to a sense of fairness in requesting discovery to permit them to defend this action, fairness may also dictate that the other party not be put through the time and expense of litigating an issue on which there may be no triable issue of fact.

## B. AFFIRMATIVE DEFENSES

An affirmative defense is one that shall be plead if it "would likely take the adverse party by surprise if it were not, or that would raise issues of fact not appearing on the face of a prior pleading." *CPLR§3018 (b).* "A party may move for judgment dismissing one or more defenses, on the grounds that a defense is not stated or has no merit." *CPLR §3211 (b).* The motion is granted if the plaintiff can demonstrate that the "defenses are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case or fail to state a defense" *Tenore v. Kantrowitz, Goldhamer & Graifman, P.C.,* 76 A.D. 3d 556 (2010). The court should consider the motion under the same standard that applies to motions to dismiss under *CPLR Section 3211 (a)(7). Siegel, NY Prac. §269, at 449* (4th Ed.); *Greco v. Christofferson,* 70 A.D. 3d 769 (2010); *Bank of America, NA v. 414 Midland Ave. Associations, LLC,* 78 AD 3d 746 (2d Dept. 2010). That is, the pleading shall be afforded a liberal construction, the facts are accepted as true, and the proponent of the pleading is accorded the benefit of every favorable inference. *See, CPLR §3026; Leon v. Martinez, 84 N.Y. 2d 83 (1994); Cayuga Partners v. 150 Grand, 305 A.D. 2d 527 (2003); Bank of America, supra,* 78 AD 3d, at 746. Affirmative defenses that "merely plead conclusions of law without any supporting facts" are insufficient and should be dismissed pursuant to *CPLR Section 3211 (b); see Bank of America, supra,* 78 AD 3d, at 746; *Becher v. Feller,* 64 AD 3d 672 (2d Dept. 2009). If there is any doubt as to the availability of a defense, it should not be dismissed. *Firemans Fund Ins. Co. v. Farrell,* 57 A.D. 3d 721 (2d Dept. 2008), *citing Becker v. Elm A.C. Corp.,* 143 A.D. 2d 965 (1988).

6

Plaintiffs seek to dismiss Defendants' First Affirmative defense of culpable conduct; the Fifth Affirmative defense of the negligence of an unknown third-party, and the Eighth Affirmative Defense, i.e. facts, circumstances or conditions beyond the control of defendant that caused the accident to be unavoidable. Despite Defendants' failure to specifically oppose this part of the motion, this Court must decline to grant dismissal of these affirmative defenses for the same reasons it denies summary judgment. The argument for dismissal is essentially that there is no question of fact as to the cause of the accident. As stated above, the issues with Plaintiff's moving papers prevent the Court from granting summary judgment on liability or dismissal of the affirmative defenses.

## COURTS RULING

ORDERED, that Plaintiff Seuraj Balkarran's motion for summary judgment on the issue of liability is hereby DENIED, without prejudice; and it is further

ORDERED, that Plaintiff Seuraj Balkarran's motion for summary judgment seeking dismissal Defendants David D. Sitts' and Kenneth R. Sitts' Affirmative Defenses: First- culpable conduct; Eighth- facts, circumstances or conditions beyond the control of defendant that caused the accident to be unavoidable; and Fifth- negligence of an unknown third-party, is hereby DENIED, without prejudice; and it is further

ORDERED that this decision constitutes the Order of this Court.

Dated:  January 8, 2026
        at Schenectady, New York

HON. MICHAEL R. CUEVAS
Supreme Court Justice

Papers Considered:
NYSCEF:      9-15; 19-21

7

[* 7]